IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JAMES VANCE and
MELISSA VANCE,

    Plaintiffs,

v.                                       CIVIL ACTION NO.: 2:22-cv-00593
                                                The Honorable Judge Joseph R. Goodwin

MINGO LOGAN COAL LLC,
ARCH RESOURCES, INC. f/k/a
ARCH COAL, INC., and
LEMAC MINE SERVICE, INC.,

    Defendants.

**AMENDED COMPLAINT**

NOW COMES the Plaintiffs, James and Melissa Vance, by counsel, Warner Law Offices, PLLC, Robert B. Warner and Andrew D. Byrd, and for their Amended Complaint against the Defendants, Mingo Logan Coal LLC, Arch Resources, Inc., formally known as Arch Coal, Inc., and Lemac Mine Service, Inc., hereby allege and aver as follows:

1.     The Plaintiffs, James and Melissa Vance are and were at all times relevant hereto, residents of Mingo County, West Virginia.

2.     Upon information and belief, Defendant Mingo Logan Coal LLC is a Delaware limited liability company with a principal office address of City Place One, Suite 300, Saint Louis, Missouri 63141. Mingo Logan Coal LLC is authorized to do and does do business in Logan County, West Virginia and has a designated office address of Rt. 17, Mountain Laurel Drive Sharples, West Virginia 25183.

3.     Upon information and belief, Defendant Arch Resources, Inc., formerly known as Arch Coal, Inc., is a Delaware corporation with a principal office address of City Place One, Suite

300, Saint Louis, Missouri 63141. Arch Resources, Inc. is authorized to do and does do business in Logan County, West Virginia and has a local office address of 1627 Quarrier Street, Charleston, West Virginia 25311.

4. Upon information and belief, Lemac Mine Service, Inc. is a West Virginia corporation with a principal office address of 166 Distributor Drive Morgantown, West Virginia 26501. Lemac Mine Service, Inc. is authorized to do and does do business in West Virginia.

5. Upon information and belief, the incident which forms the basis of this Amended Complaint occurred at the Mountaineer II underground coal mine (hereinafter "Mountaineer II Mine") located in Logan County, West Virginia.

6. This Court has jurisdiction over the parties and venue is appropriate in accordance with West Virginia Code § 23-4-2(e) and federal jurisdiction.

**GENERAL ALLEGATIONS**

7. Prior to September 28, 2020, James Vance became employed as a non-supervisory employee by Defendant Mingo Logan Coal LLC, as a continuous miner operator at the Mountaineer II Mine in Logan County, West Virginia.

8. On or about September 28, 2020, in the course and scope of his employment with Defendant Mingo Logan Coal LLC, Mr. Vance was operating a continuous miner machine in the Spruce Mains section of the Mountaineer II Mine.

9. While Mr. Vance was operating the continuous miner machine in the Spruce Mains section of the Mountaineer II Mine, a shuttle car pulled up to the continuous miner machine and was loaded with coal. Once the shuttle car was loaded with coal, Mr. Vance signaled the shuttle car operator to back the shuttle car away from the continuous miner machine to a safe distance so that the next shuttle car could be loaded with coal.

10. Prior to or at the time Mr. Vance signaled the shuttle car operator to back the shuttle car away from the continuous miner machine, a large rock came off the boom of the continuous miner machine, striking Mr. Vance on his right foot.

11. As a result, Mr. Vance suffered severe and permanent physical injuries to his right foot, including but not limited to fractures and partial amputation of his right foot, as well as permanent mental injuries.

## COUNT I – DELIBERATE INTENT
## (MINGO LOGAN COAL LLC)

12. Plaintiffs incorporate by reference all previous paragraphs to this Amended Complaint as if fully restated herein.

13. At all times relevant hereto, Plaintiff James Vance was an employee of Defendant Mingo Logan Coal LLC.

14. At all times relevant hereto, Plaintiff James Vance was operating a continuous miner machine at the Mountaineer II Mine in Logan County, West Virginia.

15. The conduct of Defendant Mingo Logan Coal LLC constitutes "deliberate intention" as set forth in West Virginia Code §23-4-2(d)(2)(B).

16. On and before September 28, 2020, specific unsafe working conditions existed at the workplace of Plaintiff James Vance that presented a high degree of risk and strong probability of serious injury or death, including but not necessarily limited to, his employer: failing to examine, inspect and test the continuous miner machine being used in the Spruce Mains section of the Mountaineer II Mine that was involved in the subject incident; failing to properly maintain the equipment used to mine coal in the Spruce Mains section of the Mountaineer II Mine (i.e. continuous miners), rendering the equipment defective; failing to ensure a safety guard on the

continuous miner machine involved in the subject incident was securely in place; and deliberately removing a safety guard from the continuous miner machine involved in the subject incident.

17. Prior to Plaintiff James Vance's injury, Defendant Mingo Logan Coal LLC had actual knowledge of the specific unsafe working conditions, and the high degree of risk and strong probability of serious injury or death presented by the unsafe conditions by virtue of the fact that Plaintiff James Vance and his co-workers had made multiple prior safety complaints over the course of several months to supervisors and management personnel and by virtue of the fact that Defendant Mingo Logan Coal LLC had received violations from regulatory agencies for these specific unsafe working conditions prior to his injuries.

18. The actual knowledge of Defendant Mingo Logan Coal LLC is further evidenced, in part, by its deliberate and intentional failure to conduct an inspection, audit or assessment required by state and federal safety statutes (i.e. MSHA and WVOMHST) which are specifically intended to identify and alleviate the alleged specific unsafe working conditions.

19. At the aforesaid time and place, said specific unsafe working conditions were a violation of state and federal safety statutes, rules and regulations, including but not necessarily limited to, 30 CFR § 75.360, 30 CFR § 75.362, 30 CFR § 75.363, 30 CFR § 75.364, 30 CFR § 75.512, 30 CFR § 75.512-2, 30 CFR § 75.1722, 30 CFR § 75.1725, W.Va. Code § 22A-2-13, W.Va. Code § 22A-2-14, W.Va. CSR § 36-12-4.20, and W.Va. CSR § 36-18-4.1, which are specifically applicable to the work and working conditions involved and intended to identify and alleviate the specific hazards presented by the specific unsafe working conditions.[1]

20. Notwithstanding the existence of the aforementioned specific unsafe working conditions, all of which Defendant Mingo Logan Coal LLC had actual knowledge and which

---

[1] A verified statement, as required by W.Va. Code § 23-4-2(d)(2)(C), is attached hereto as "**Exhibit 1**."

4

violated MSHA regulations and West Virginia law, Defendant Mingo Logan Coal LLC nevertheless deliberately and intentionally exposed Plaintiff James Vance to these specific unsafe working conditions.

21. As a direct and proximate result of the acts of Defendant Mingo Logan Coal LLC, and exposure to the aforementioned specific unsafe working conditions, Plaintiff James Vance suffered severe injuries; including but not limited to, fractures and partial amputation of his right foot, tremendous pain and suffering, permanent bodily injury, permanent mental injuries, as well as loss of the ability to perform household services, loss of the ability to enjoy life, lost wages, loss of future earning capacity, past and future medical expenses, humiliation, embarrassment, annoyance, aggravation, mental anguish and inconvenience, as well as other economic and non-economic damages which he will in all likelihood continue to suffer into the foreseeable future.[2]

## COUNT II – DELIBERATE INTENT
## (MINGO LOGAN COAL LLC)

22. Plaintiffs incorporate by reference all previous paragraphs to this Amended Complaint as if fully restated herein.

23. At all times relevant hereto, Plaintiff James Vance was an employee of Defendant Mingo Logan Coal LLC.

24. At all times relevant hereto, Plaintiff James Vance was operating a continuous miner machine at the Mountaineer II Mine in Logan County, West Virginia.

---

[2] Plaintiffs state that pursuant to W.Va. Code § 23-4-2(d)(2)(B)(v)(I)(a), an award in the Plaintiff James Vance's workers' compensation claim was entered on May 13, 2022, wherein the Plaintiff was granted a thirty percent (30%) permanent partial disability award in relation to his physical injuries and Plaintiff was granted a ten percent (10%) permanent impairment award in relation to his psychiatric injuries on December 30, 2022.

25. The conduct of Defendant Mingo Logan Coal LLC constitutes "deliberate intention" as set forth in West Virginia Code §23-4-2(d)(2)(A).

26. The above-referenced safety guard manufactured for and established on the continuous miner machine involved in the subject incident ensures that large material and rocks during the continuous mining process do not enter the boom area and subsequently fall off the continuous miner machine and strike an underground coal miner; including but not limited to, the continuous miner machine operator.

27. Upon information and belief, there was a directive by Defendant Mingo Logan Coal LLC at the Mountaineer II Mine to remove these safety guards from both the new and rebuilt continuous miner machines and to ensure these safety guards were not securely in place on both the new and rebuilt continuous miner machines so as to increase production (i.e., with the safety guards in place on the continuous miner machines, large material and rocks collected by the safety guard as it is intended to do during the continuous mining process would clog the boom area, requiring the continuous miner machine to be shut-down so the material and rocks could be removed).

28. Based upon its directives, Defendant Mingo Logan Coal LLC acted with a conscious, subjective and deliberate formed intention to remove these safety guards, with actual and/or specific knowledge that it would produce serious injury or death to underground coal miners and the continuous miner machine operators in the Mountaineer II Mine, as the purpose of these safety guards was to prevent large material and rocks from entering the boom area and subsequently falling off the continuous miner machine, striking individual(s) in the workplace..

29. As a direct and proximate result of the conscious, subjective and deliberate formed intention of Defendant Mingo Logan Coal LLC, Plaintiff James Vance suffered severe injuries;

including but not limited to, fractures and partial amputation of his right foot, tremendous pain and suffering, permanent bodily injury, permanent mental injuries, as well as loss of the ability to perform household services, loss of the ability to enjoy life, lost wages, loss of future earning capacity, past and future medical expenses, humiliation, embarrassment, annoyance, aggravation, mental anguish and inconvenience, as well as other economic and non-economic damages which he will in all likelihood continue to suffer into the foreseeable future.

30.     Defendant Mingo Logan Coal LLC's conscious, subjective and deliberate formed intention in this regard constitutes conduct that was carried out by it with a conscious, reckless and outrageous indifference to the health, safety and welfare of Plaintiff James Vance and the other miners at the Mountaineer II Mine; thus, necessitating an award of punitive damages against it.

### COUNT III – NEGLIGENCE
### (ARCH RESOURCES, INC. f/k/a ARCH COAL, INC.)

31.     Plaintiffs incorporate by reference all previous paragraphs of this Amended Complaint as if fully restated herein.

32.     Upon information and belief, during the relevant time periods herein, Defendant Mingo Logan Coal LLC was and continues to be a subsidiary of Defendant Arch Resources, Inc., formerly known as Arch Coal, Inc., the controller of the Mountaineer II Mine, as reported to the U.S. Department of Labor, Mine Safety and Health Administration.

33.     Defendant Arch Resources, Inc., owed Plaintiff James Vance a duty to provide him with a reasonably safe working environment, including, but not limited to, a mine where continuous miner machines are being examined, inspected and tested; where equipment used to mine coal in the Mountaineer II Mine (i.e. continuous miners) is being maintained in a safe operating condition and not defective; and where safety guards on continuous miner machines are securely in place and not being deliberately removed.

34. The establishment of Defendant Mingo Logan Coal LLC did not change or alleviate Defendant Arch Resources, Inc.'s basic compliance responsibilities with the federal Mine Safety and Health Act and other applicable state and federal statutes and regulations. Defendant Arch Resources, Inc. was responsible for compliance of the Mountaineer II Mine with all applicable provisions of the Federal Mine Safety and Health Act and other applicable state and federal statutes and regulations.

35. It was reasonably foreseeable to Defendant Arch Resources, Inc. that the failure of its subsidiaries to properly train and supervise miners to examine, inspect and test the continuous miner machines being used in the Mountaineer II Mine; to properly maintain the equipment used to mine coal in the Mountaineer II Mine (i.e. continuous miners); and to ensure safety guards on the continuous miner machines are securely in place and are not being deliberately removed would result in serious injury and/or death.

36. It was also reasonably foreseeable to Defendant Arch Resources, Inc. that the failure of its subsidiaries to properly train and supervise miners to examine, inspect and test the continuous miner machines being used in the Mountaineer II Mine; to properly maintain the equipment used to mine coal in the Mountaineer II Mine (i.e. continuous miners); and to ensure safety guards on the continuous miner machines are securely in place and are not being deliberately removed would result in serious injury and/or death given the fact that Defendant Arch Resources, Inc.'s employees and/or agents monitor and inspect Defendant Mingo Logan Coal LLC and the Mountaineer II Mine.

37. Defendant Arch Resources, Inc. breached its duty of care owed to Plaintiff James Vance by engaging in a conscious, reckless and outrageous indifference to the health, safety and welfare of Plaintiff James Vance and the other miners at the Mountaineer II Mine.

38. As a direct and proximate result of Defendant Arch Resources, Inc.'s breach of its duty of care owed to Plaintiff James Vance, he suffered severe injuries; including but not limited to, fractures and partial amputation of his right foot, tremendous pain and suffering, permanent bodily injury, permanent mental injuries, as well as loss of the ability to perform household services, loss of the ability to enjoy life, lost wages, loss of future earning capacity, past and future medical expenses, humiliation, embarrassment, annoyance, aggravation, mental anguish and inconvenience, as well as other economic and non-economic damages which he will in all likelihood continue to suffer into the foreseeable future.

39. As a direct and proximate result of the negligent, careless, and reckless acts and/or omissions of Defendant Arch Resources, Inc. and its employees, agents and representatives, Plaintiffs assert claims for both compensable and punitive damages.

### COUNT IV – NEGLIGENCE
### (LEMAC MINE SERVICE, INC.)

40. Plaintiffs incorporate by reference all previous paragraphs of this Amended Complaint as if fully restated herein.

41. Defendant Lemac Mine Service, Inc. holds itself as being established in the coal community in West Virginia and offering unrivaled mining services such as component repairs and full rebuilds of underground mining equipment to the mining industry. Defendant Lemac Mine Service, Inc. offers full rebuilds of underground mining equipment, including but not limited to, Joy continuous miner machines.

42. On or before September 28, 2020, Defendant Lemac Mine Service, Inc., together with its employees, agents, and representatives, owed Plaintiff James Vance and other coal miners a duty to use the degree of skill and learning ordinarily used under the same or similar circumstances by a company that rebuilds continuous miners for use in the mining industry.

9

43. Defendant Lemac Mine Service, Inc., along with its employees, agents, servants and representatives, breached that duty, and were thereby negligent, which included, but not limited to, the following acts and omissions:

   a. Failure to safely rebuild the continuous miner machine involved in the subject incident;

   b. Failure to ensure all safety guards, including the safety guard manufactured for and established on the continuous miner machine involved in the subject incident that prevents large material and rocks during the continuous mining process do not enter the boom area and subsequently fall off the continuous miner machine and strike an underground coal miner, were securely in place during and after the completion of the rebuild;

   c. Failure to rebuild the continuous miner machine involved in the subject incident in accordance with all applicable state and federal laws and regulations;

   d. Permitting the continuous miner machine involved in the subject incident to leave its facilities after being rebuilt, without ensuring all safety guards were properly in place; and

   e. Various other acts and omissions which may be developed through the course of discovery.

44. Defendant Lemac Mine Service, Inc. is vicariously liable for the acts and omissions of its employees, agents, servants and representatives, acting within the scope of their employment.

45. Furthermore, Defendant Lemac Mine Service, Inc. owed Plaintiff James Vance and other coal miners a duty to exercise reasonable care in the hiring, retention, training and supervision of its employees, agents and representatives.

46. Defendant Lemac Mine Service, Inc. was negligent in one or more of the following particulars:

   a) Failure to provide reasonable and necessary training, education and instruction to its employees, for the reasonable and proper protection of

the health, safety and welfare of Plaintiff James Vance and other coal miners like him;

b) Failure to reasonably and properly provide training, education and instruction to its employees, regarding the safe rebuild of the continuous miner machine involved in the subject incident;

c) Failure to reasonably and properly provide training, education and instruction to its employees regarding the proper and safe manner to ensure all safety guards, including the safety guard manufactured for and established on the continuous miner machine involved in the subject incident that prevents large material and rocks during the continuous mining process do not enter the boom area and subsequently fall off the continuous miner machine and strike an underground coal miner, were securely in place during and at the completion of the rebuild;

d) Failure to reasonably and properly provide training, education, supervision and instruction to its employees in regard to rebuilding a continuous miner machine, like the one involved in the subject incident, in accordance with all applicable state and federal laws and regulations;

e) Failure to reasonably and properly provide training, education, supervision and instruction to its employees to not permit a continuous miner machine, like the one involved in the subject incident, to leave its facilities after being rebuilt, without ensuring all safety guards were properly in place; and

f) Various other acts and omissions which may be developed through the course of discovery.

47. Defendant Lemac Mine Service, Inc. breached its duty of care owed to Plaintiff James Vance and other miners like him by engaging in conscious, reckless and outrageous indifference to the health, safety and welfare of Plaintiff James Vance and other coal miners in the mining industry working around the continuous mining machine involved in the subject incident.

48. As a direct and proximate result of Lemac Mine Service, Inc.'s breach of its duty of care owed to Plaintiff James Vance and other coal miners like him, he suffered severe injuries; including but not limited to, fractures and partial amputation of his right foot, tremendous pain and suffering, permanent bodily injury, permanent mental injuries, as well as loss of the ability to

perform household services, loss of the ability to enjoy life, lost wages, loss of future earning capacity, past and future medical expenses, humiliation, embarrassment, annoyance, aggravation, mental anguish and inconvenience, as well as other economic and non-economic damages which he will in all likelihood continue to suffer into the foreseeable future.

49. As a direct and proximate result of the negligent, careless, and reckless acts and/or omissions of Defendant Lemac Mine Service, Inc. and its employees, agents and representatives, Plaintiffs assert claims for both compensable and punitive damages.

## COUNT V – LOSS OF CONSORTIUM
**(All Defendants)**

50. Plaintiff Melissa Vance incorporates by reference all previous paragraphs to this Amended Complaint as if fully restated herein.

51. Plaintiff Melissa Vance, as the wife of Plaintiff James Vance, has an exclusive right to the services of Mr. Vance, his affection, solace, comfort, companionship and society incidental to the marital relation.

52. The conduct of the Defendants injured Plaintiff Melissa Vance's husband, James Vance.

53. As a further direct and proximate result of the conduct and actions of the Defendants described herein, Plaintiff Melissa Vance has been deprived of the society, companionship and services of her husband, James Vance.

**WHEREFORE**, the Plaintiffs, James and Melissa Vance, by counsel, demand judgment against Defendants Mingo Logan Coal LLC, Arch Resources, Inc., formally known as, Arch Coal, Inc. and Lemac Mine Service, Inc. in an amount exceeding the jurisdictional minimum requirements of this Court, and in such sums as will fairly and fully compensate the Plaintiffs for their injuries, losses and damages, together with pre and post judgment interest, reasonable

attorney fees and costs in and about the prosecution of this action. Plaintiffs, by counsel, additionally demand judgment against Defendants Mingo Logan Coal LLC (Count II), Arch Resources, Inc. and Lemac Mine Service, Inc., which is punitive in nature and is sufficient to punish these Defendants for their conscious, reckless and outrageous indifference and disregard for the health, safety and welfare of Plaintiff James Vance and other miners like him and to deter like conduct in the future, together with any and all further relief in favor of the Plaintiffs that this Court deems just under the circumstances.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

**JAMES AND MELISSA VANCE
By Counsel:**

*/s/ Robert B. Warner*
Robert B. Warner (WVSB #7905)
Andrew D. Byrd (WVSB #11068)
WARNER LAW OFFICES, PLLC
227 Capitol Street
Post Office Box 3327
Charleston, West Virginia 25333
Telephone: (304) 345-6789
Facsimile: (304) 344-4508
*bwarner@wvpersonalinjury.com*
*abyrd@wvpersonalinjury.com*